**In the Matter of Donald John O'NEILL.**

**No. 09S00–8702–DI–231.**

Supreme Court of Indiana.

March 29, 1989.

See also 518 N.E.2d 1100.

Donald John O'Neill, pro se.

Sheldon A. Breskow, Executive Secretary, David B. Hughes, Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

PER CURIAM.

This case is before us on a five-count complaint for disciplinary action charging Donald John O'Neill, an attorney admitted to the practice of law in this State, with violating the *Code of Professional Responsibility for Attorneys at Law.* A Hearing Officer appointed pursuant to Admission and Discipline Rule 23 has heard the case and has tendered his findings. Pursuant to an appropriate petition, hearing and recommendation from the Hearing Officer, this Court entered an order of temporary suspension on February 16, 1988, whereby the Respondent was precluded from entering into new contracts of employment until he satisfied the Disciplinary Commission that he had no delinquent cases.

The matter is now before us for final determination. Neither party has challenged the Hearing Officer's findings which findings we now accept.

As to Count I, we find that in May of 1980, the three sons of Claude E. Rhodes, deceased, retained the Respondent to handle their father's estate. The Decedent held nothing in his own name at the time of death but held several certificates of deposit, in varying amounts, jointly with each of his sons. The father and sons had an agreement that, after his death, all estate expenses and assets would be shared equally between the brothers.

The sons cashed in the certificates of deposit and delivered the money to Respondent who placed it in his trust account. The Respondent gave each son a check for $10,000 and retained the remainder for the payment of estate expenses and anticipated attorney fees. The Respondent ordered an appraisal of some real estate and filed an Indiana Schedule of All Property for the estate, but therein listed the wrong ownership for certain parcels. In 1984, each son gave the Respondent a check for his one-third share of the anticipated tax, and the Respondent caused the Indiana inheritance tax, with interest, to be paid on March 7, 1985. The Respondent never filed a Federal Estate Tax Form 706. He also failed to return certain real estate abstracts belonging to one of the sons.

The three sons terminated Respondent's employment on January 13, 1986, and hired another law firm. The new firm filed the federal estate tax return, and the brothers had to pay interest on the estate tax originally due. The Respondent has not returned any of the retained funds.

From the foregoing findings, we conclude that the Respondent engaged in the charged misconduct: he neglected a legal matter, thus, violating Disciplinary Rule 6–101(A)(2); he failed to carry out a contract of employment and prejudiced and

damaged his client, in violation of Disciplinary Rules 7–101(A)(2) and (3). The Respondent is also charged with violating Disciplinary Rule 2–109(A)(3) by failing to refund the unearned portion of the retainer. However, because of the cursory nature of the findings on this issue, we conclude that the record before is insufficient to support a finding of misconduct under this provision.

Under Count II the Respondent is again charged with neglect in violation of Disciplinary Rule 6–101(A)(3) and Disciplinary Rules 7–101(A)(2) and (3). Relative to this count we find that Iva Brown retained the Respondent to represent her in a claim arising from her fall and injury in a shopping mall on October 31, 1982. The Hearing Officer found that Brown contacted the Respondent three or four times and that the Respondent sent two letters to Brown, although she denies receiving them. The Respondent sent a tort claim notice to the defendants, but never filed the law suit. After several attempts, Brown's daughter obtained Brown's file from the Respondent long after the statute of limitations had run.

The Hearing Officer has concluded that the Respondent's inability to contact his client may excuse his failure to file the law suit. We find that the Hearing Officer's unchallenged findings clearly establish that the Respondent failed to pursue the matter and in the course, prejudiced and damaged his client by allowing the statute of limitations to expire. We, thus, conclude that he engaged in the charged misconduct.

Under Count III we find that the Respondent was retained by Madonna Wright to open the estate of her mother, Agnes Houck, who had died on December 6, 1984. Wright and the Respondent had been childhood classmates and extremely close friends. For several years prior to Mrs. Houck's death, the Respondent had performed legal work for her and for Wright for which no fees were ever paid. The Respondent approximated that at the time of Mrs. Houck's death the accrued fees were $10,000.

The estate was opened on January 9, 1985. The Respondent requested and received $25,000 as attorney fees in December, 1985. From this date until June 30, 1986, when Respondent withdrew pursuant to Wright's request, little was done in the estate other than the filing of an Indiana Inheritance Tax Schedule and a Personal Representative's Inventory on June 23, 1986. During this period of time, Wright called the Respondent on numerous occasions requesting tax documents and other information, but was unable to speak with him or to obtain the requested information. The Respondent failed to file Indiana or Federal income tax returns on behalf of Houck for 1984 and did not file a Federal Estate Form 706. This failure to timely file the necessary returns cost the estate additional money.

The trial court approved a settlement agreement reached between the Respondent, Wright and Wright's new attorney, James Blythe, whereby the Respondent was to refund $20,000 of the fee by August 1, 1986. The Respondent failed to comply with this order and was found guilty of contempt, but was allowed to purge himself by paying the agreed amount plus additional fees. The Respondent again failed to comply and, on September 5, 1986, the court entered a protective order restraining him from selling or encumbering assets. This time he was ordered to pay $24,450.85 to the Clerk of the Court on or before Friday, December 19, 1986, or present himself to the Sheriff of Cass County. The Respondent requested and was granted a continuance until the following Monday, but, once again, failed to make the payment. The Court found that Respondent had not purged himself and ordered that he be incarcerated until payment was made. The Respondent finally made the payment before the warrant was executed.

The Hearing Officer also found that during this period of time the Respondent was having serious marital problems which culminated in a dissolution in the Fall of 1986. We conclude from the foregoing findings under Count III that the Respondent failed to refund the unearned fees in violation of

Disciplinary Rule 2–109(A)(3); he neglected a legal matter entrusted to him, in violation of Disciplinary Rule 6–101(A)(3); he failed to carry out a contract of employment and prejudiced and damaged his client, thereby violating Disciplinary Rule 7–101(A)(2) and (3). Such conduct is prejudicial to the administration of justice and adversely reflects on Respondent's fitness to practice law, all in violation of Disciplinary Rule 1–102(A)(5) and (6).

As to the allegations of Count IV of the Complaint, we find that the Respondent filed a petition for dissolution on behalf of a female client on April 10, 1985. While the proceeding was pending, the client reported to the county welfare department that her husband had molested their daughter. The client made numerous calls to various agencies and insisted that the welfare department file a "Child In Need of Services" petition. The Respondent was also attorney for the welfare department. He advised the department not to file the petition because it was against their policy but to refer the matter to the prosecuting attorney. Nonetheless, the Respondent drafted and filed the petition. He withdrew immediately as attorney in the CHINS matter and in the dissolution. The nature of these findings is such that we cannot conclude that there is clear and convincing evidence that the Respondent's conduct violated Disciplinary Rule 5–105.

As to the allegations under Count V, we find that the Respondent was retained to handle the Estate of Tamzen Myers who was killed as a result of an automobile collision. He was also retained to pursue a wrongful death action on behalf of the heirs. The Respondent opened the estate on June 23, 1982. The Respondent failed to file tax returns, inheritance tax schedules or to close the estate, although the court sent him many notices to close the estate.

On May 24, 1984, during a conversation with the administrator for the estate and his wife, the Respondent led them to believe that the wrongful death action had been filed. In fact, he never filed the action and the statute of limitations expired.

The foregoing findings clearly establish that the Respondent engaged in misconduct as charged. He neglected a legal matter, failed to carry out his contract of employment and in the course of his professional duties, prejudiced and damaged his clients, all in violation of Disciplinary Rules 6–101(A)(3) and 7–101(A)(2) and (3). We conclude further that the Respondent violated Disciplinary Rules 1–102(A)(4), (5) and (6) by engaging in conduct involving dishonesty, fraud, deceit and misrepresentation, conduct that is prejudicial to the administration of justice and conduct that adversely reflects on his fitness to practice law.

Having concluded that the Respondent's conduct violated the *Code of Professional Responsibility for Attorneys at Law* on numerous occasions, we must now determine the disciplinary sanction to be imposed under these circumstances. The Respondent neglected his clients, failed to perform the services for which he was hired, twice allowed the statute of limitations to expire without taking action, thereby damaging his clients, misrepresented the status of a claim, and failed to promptly refund $20,000 of unearned fees. These acts of misconduct were repetitive and spanned several years. Although Respondent's conduct may not be particularly heinous or necessarily indicative of dishonesty, it does demonstrate a cavalier attitude toward clients and professional duties. The numerous incidents of misconduct convince us that the Respondent lacks the professional fitness to be entrusted with the precious interests of others. In light of these considerations, this Court finds that a lengthy period of suspension from the practice of law should be imposed.

It is, therefore, ordered that the Respondent, Donald John O'Neill is suspended from the practice of law in the State of Indiana for a period of not less than two and one-half years, beginning May 1, 1989.

Costs of this proceeding are assessed against the Respondent.