**In the Matter of Robert K. HIGGINSON.**

No. 45S00–9107–DI–555.

Supreme Court of Indiana.

Oct. 26, 1993.

Robert K. Higginson, pro se.

Jeffrey D. Todd, Staff Atty., Indianapolis, for the Indiana Supreme Court Disciplinary Com'n.

PER CURIAM.

Respondent, Robert K. Higginson, was charged by a three-count Verified Complaint for Disciplinary Action with numerous violations of the *Rules of Professional Conduct for Attorneys at Law* and the

*Code of Professional Responsibility.*[1] This Court appointed a hearing officer pursuant to Ind.Admission and Discipline Rule 23(11)(b), and, after hearing, he tendered to this Court his findings of fact, conclusions of law, and recommendations. Neither Respondent nor the Disciplinary Commission have challenged the tendered reports, and the matters are now before us for final judgment.

■ When the findings of the hearing officer are unchallenged, this Court accepts them with the reservation that we remain the final arbiter of misconduct. *In re Vogler* (1992), Ind., 587 N.E.2d 678.

### Count I.

Respondent was admitted to the Bar of Indiana on October 20, 1981, and is therefore subject to the disciplinary jurisdiction of this Court. On February 1, 1988, Respondent agreed to represent Roger Crose, Jr. ("Crose") in order to collect rent arrearages and damages from Crose's former tenants. Crose paid Respondent $250.00 as retainer. Despite repeated conversations with Respondent and his secretary in 1989 and 1990, Crose never learned that Respondent failed to pursue any remedy on his behalf. Respondent subsequently failed to refund any portion of the retainer to Crose, or to return his file.

We conclude that Respondent's conduct violated Prof.Cond.R. 1.2(a) in that he failed to abide by and further the objectives of his client; Prof.Cond.R. 1.3 by failing to act with reasonable diligence and promptness; Prof.Cond.R. 1.4(a) by failing to keep his client reasonably informed about the status of his case; Prof.Cond.R. 1.15(b) by failing to return property rightfully due his client; and Prof.Cond.R. 8.4(d) by engaging in conduct prejudicial to the administration of justice.

### Count II.

In October, 1985, Mr. and Ms. David Diver ("the Divers") retained Respondent for $750.00 to represent them in a bankruptcy proceeding. The Divers subsequently attempted, unsuccessfully, to contact Respondent. In early 1990, the Divers learned from their creditors that Respondent had failed to file a bankruptcy petition on their behalf. Respondent eventually returned the $750.00 retainer, but only after a grievance was filed.

Respondent's conduct in regard to this matter violated Rules 7–101(A)(1) and 6–101(A)(3) of the *Code of Professional Responsibility* in that he failed to pursue the objectives of his client through available means and neglected a legal matter entrusted to him. His conduct also violated Prof.Cond.R. 1.2(a), 1.3 and 1.4(a).

### Count III.

John Siatta ("Siatta") hired Respondent to pursue a personal injury claim resulting from a slip and fall incident in February, 1988. On February 16, 1990, the statute of limitations expired, barring any claim Siatta might have had. Respondent failed to file a claim or lawsuit before the statute ran. This omission was partially caused by his placing the wrong date on the case jacket.

From July, 1988, until May, 1990, Siatta was unable to contact Respondent. When Siatta finally reached Respondent, Respondent assured him that he had been working on the case and that a trial date was imminent. Respondent never informed Siatta that his claim was lost, but instead tried to rectify his own wrong by failing to advise Siatta to seek independent counsel regarding a possible malpractice claim pertaining to his failure to timely file.

We conclude that Respondent violated Prof.Cond.R. 1.2(a), 1.3 and 1.4(a) by the conduct aforesaid. Further, by informing Siatta he was pursuing his claim after the claim was barred, and by failing to advise him to seek independent counsel regarding possible malpractice, Respondent violated Prof.Cond.R. 8.4(a) and (d). Although the hearing officer did not so find, we also conclude that Respondent violated Prof.

---

1. This Court adopted *Rules of Professional Conduct for Attorneys at Law,* effective January 1, 1987, superseding the *Code of Professional Re-* *sponsibility.* Portions of Respondent's conduct at issue took place while the *Code of Professional Responsibility* was still in effect.

Cond.R. 8.4(c) in that he deceived Siatta by telling him that he was actively pursuing his claim when, in fact, the claim had been barred by statute.

■ Now that we have found misconduct, this Court must assess an appropriate sanction. In this regard, we consider several factors: the nature of Respondent's violation; the specific acts of Respondent; the impact on the public; this Court's responsibility to preserve the integrity of the Bar; the risk, if any, to the public if the Respondent is permitted to continue in the profession; and factors in aggravation or mitigation. *In re Buker* (1993), Ind., 615 N.E.2d 436; *In re Ortiz* (1992), Ind., 604 N.E.2d 602; *In re Wells* (1991), Ind., 572 N.E.2d 1290.

Respondent's professional associations with Crose, the Divers, and Siatta reveal a pattern of neglect of matters entrusted to him by his clients. In each case, his clients suffered significant harm or were needlessly exposed to unwarranted risks. Rather than forthrightly admit his neglect and correct his behavior, Respondent in one case deceived his client by assuring him that his case was progressing unhindered when, in fact, the case was lost. Such action erodes the public's view of the integrity of the legal profession, and casts doubt on Respondent's professional fitness.

By way of mitigation, the hearing officer found that Respondent exhibited genuine and profound remorse for the damage and inconvenience of his clients. He also was cognizant of the fact that Respondent is a sole practitioner. As such, Respondent must meet the burden of office overhead and capital expenditures single-handedly. Attorneys in his position often must accept almost any client who appears on the office doorstep in order to meet financial obligations. Respondent admitted that his misconduct was in large part due to trying to serve too many clients at once.

■ This, however, cannot diminish the negative impact of Respondent's negligence and misrepresentation. The multiple nature of his neglect, his lack of candor toward one client, and the resulting harm and inconvenience suffered by his clients persuades us that Respondent's misconduct warrants a stern sanction. In this regard, we note that a suspension from the practice of law is usually warranted where an attorney is found to have engaged in neglect and misrepresentation. See, e.g., *In re O'Neill* (1989), Ind., 535 N.E.2d 1186 (two and one-half year suspension for several instances of neglect and misrepresentation); *In re Deardorff* (1981), Ind., 426 N.E.2d 689 (one year suspension for neglect of legal matter and subsequent deliberate course of deception of clients); *In re Snyder* (1977), 267 Ind. 441, 370 N.E.2d 899 (two year suspension for two instances of neglect to file proceedings and subsequent deceit as to status of cases).

In light of the misconduct found in this case and the sanctions imposed by this Court in the past for similar misconduct, we conclude that a suspension from the practice of law for one year is appropriate. It is, therefore, ordered that Respondent, Robert K. Higginson, is suspended from the practice of law for a period of not less than one year, beginning November 22, 1993, at the conclusion of which he may petition for reinstatement pursuant to Admis.Disc.R. 23(4).

Costs of this proceeding are assessed against the Respondent.