**In the Matter of J. Frank HANLEY, II.**

**No. 49S00–9212–DI–935.**

Supreme Court of Indiana.

Jan. 20, 1994.

Steven H. Johnsonbaugh, Indianapolis, for respondent.

Donald R. Lundberg, Executive Secretary, Charles M. Kidd, Staff Atty., Indianapolis, for the Indiana Supreme Court Disciplinary Com'n.

## DISCIPLINARY ACTION (SUBSTITUTE OPINION)

PER CURIAM.

The Respondent, J. Frank Hanley, II, was charged in a "Verified Complaint for Disciplinary Action" with several violations of the *Rules of Professional Conduct for Attorneys at Law*. All charges arise out of Respondent's representation of Christopher M. Butler. The Respondent and the Disciplinary Commission have tendered for this Court's approval a "Statement of Circumstances and Conditional Agreement for Discipline" pursuant to Ind.Admission and Discipline Rule 23, Section 11(d). The Respondent also tendered the requisite affidavit, pursuant to Admis.Disc.R. 23(17)(a).

◼ We find that the agreement should be approved. In accordance therewith, we find that Respondent was admitted to practice in this state on February 20, 1970, and is therefore subject to the disciplinary jurisdiction of this Court. On March 3, 1987, Judge Roy F. Jones of Marion Superior Court, Criminal Division Number 5, appointed Respondent as public defender to defend Butler against a murder charge. Shortly thereafter, Respondent met with Butler to discuss the charges. During the course of the meeting, Butler asked if Respondent could represent him as his paid attorney. Respondent advised Butler, Butler's father, (Herman Johnson), and Butler's grandfather that he could represent Butler in such a capacity, but only if Butler

paid his legal fee in advance. Respondent informed them that the fee would be $2,500.00 if the case could be resolved before trial, and $5,000.00 if the case had to be tried.

Butler's grandfather, Dennis Pinner ("Pinner"), gave Respondent $200.00 on March 3, 1987, toward advance payment of the quoted fee. Neither Butler nor any member of his family paid any further monies to Respondent. On April 6, 1987, after having received no additional payments toward his quoted fee, Respondent wrote to Butler and Pinner a letter which included the following:

> As counsel for Mr. Butler in the above captioned matter, I must advise the Court of my position as private counsel or public defender ... As I have advised you previously, my representation as a public defender or private counsel will be no different. However, I think it would be untruthful for me to say I can be as well prepared on a case in which I am appointed to represent the defendant as I can be on a private case.

On May 15, 1987, Respondent again wrote to Butler, and the letter included the following:

> Your grandfather has not contacted me, nor has [your father] ... The reason I have not come over to tell you what's going on, is that nothing new has occurred, changing anything that I initially told you. My job as a public defender does not require that I report to my clients to tell them what's going on, but to ensure that they are adequately represented. Your case is simply a case that has to be tried, because your story is one story, and the State's story is a different one, and the jury will decide which one to believe.

Thereafter, having received no additional payments from Butler or his family, Respondent, as public defender, represented Butler through trial with no interruption of services. On March 8, 1993, Respondent refunded the $200.00 he had received from Pinner, together with interest.

The trial court that appointed Respondent as Butler's public defender expressly authorized its public defenders to accept private employment by a defendant if, after the court's finding of indigence and subsequent appointment of counsel, the defendant or his family determined that they could afford to hire an attorney on a private basis and specifically wanted to hire the public defender in that capacity.

The agreed facts clearly and convincingly establish that Respondent negotiated for payment from Butler and his family in a matter in which Respondent was being paid as a public defender. Such conduct is prejudicial to the administration of justice and thereby violative of Prof.Cond.R. 8.4(d).

Furthermore, Respondent's letters to Butler seriously misstate the obligation of a public defender to his client. Prof.Cond.R. 1.4 requires all lawyers to keep their clients reasonably informed and a public defender's duty of diligence is no different than that of a lawyer employed privately.

In their agreement, the Respondent and the Commission agree that the appropriate sanction is a public reprimand. In so concluding, the parties noted several mitigating circumstances. Respondent has practiced law in this state for over twenty (20) years and has no record of any prior disciplinary actions. He has fully cooperated with the investigation and prosecution of this case. Further, the record indicates no dishonest motive on the part of Respondent. His dealings with Butler were honest and forthright, and his representation of Butler through trial competent and diligent. Respondent's misconduct did not affect the quality of his representation of Butler.

As further mitigators, we also note that the trial court approved the conduct at issue (which it should not have done), and that it was Butler who initiated discussions about whether Respondent would serve as Butler's private counsel.

■ The parties also agreed that Respondent's refund of the two hundred dollars ($200.00) he received from Pinner, together with ten percent (10%) interest thereon, is a mitigating factor. However, Respondent refunded the money more than six (6) years after receipt, and only after disciplinary proceedings were initiated. This indicates that such a refund may have been motivated by Respondent's desire to temper the severity of a disciplinary sanction rather than his

desire to provide restitution to his client. Thus, we do not view the refund as a mitigating circumstance. This conclusion comports with that suggested by the American Bar Association in similar circumstances. See American Bar Association *Standards for Imposing Lawyer Sanctions*, Standard 9.4(a) (listing "forced or compelled restitution" as neither an aggravating nor mitigating circumstance).[1]

We are, nonetheless, persuaded that the agreed sanction, a public reprimand, appropriately addresses the severity of the misconduct at issue. Such a censure will serve to educate other attorneys that misconduct of this type will not be tolerated by this Court. Accordingly, this Court concludes that the tendered agreement should be approved, and the agreed sanction imposed. It is, therefore, ordered that the Respondent, J. Frank Hanley, II, is hereby reprimanded and admonished for his misconduct.

Costs of this proceeding are assessed against the Respondent.

DICKSON, J., dissents, disapproving the sanction as not severe enough.

---

1. We agree with the authors of the Model Standards in that "[l]awyers who make restitution only after a disciplinary proceeding has been instituted against them ... cannot be regarded as acting out of a sense of responsibility for their misconduct, but, instead, as attempting to circumvent the operation of the disciplinary system." American Bar Association *Standards for Imposing Lawyer Sanctions*, comment to Standard 9.4.