**In the Matter of Thomas A. BROWN.**

No. 05S00–9302–DI–237.

Supreme Court of Indiana.

June 29, 1994.

Thomas A. Brown, pro se.

Charles M. Kidd, Staff Atty., Indianapolis, for the Indiana Supreme Court Disciplinary Com'n.

## DISCIPLINARY ACTION

PER CURIAM.

Respondent, Thomas A. Brown, is charged by Verified Complaint for Disciplinary Action with knowingly disobeying an obligation under the rules of a tribunal, in violation of Rule 3.4(c) of the *Rules of Professional Conduct for Attorneys at Law*. The Disciplinary Commission also charged that he engaged in conduct prejudicial to the administration of justice, and which involved dishonesty, fraud, deceit, or misrepresentation. This Court appointed a Hearing Officer pursuant to Ind.Admission and Discipline Rule 23, Section 11, who, following full hearing, tendered to this Court her factual findings and legal conclusions. Since neither Respondent nor the Commission has petitioned this Court for review of the Hearing Officer's report, we accept and adopt the findings contained therein, but reserve the right to make final determination as to misconduct and sanction. *In re Higginson* (1993), Ind., 622 N.E.2d 513.

We therefore now find that Respondent was admitted to this state's Bar on September 14, 1960, and is thus subject to the disciplinary jurisdiction of this Court.

Ronald Berry's (hereinafter "Berry") son died in a 1990 apartment building fire in Redkey, Indiana. Berry thereafter retained the services of Respondent to represent him, as administrator of his son's estate, in a civil suit naming the Redkey Fire Department, the town of Redkey, and the owners of the apartment building as defendants. In furtherance thereof, Respondent filed a complaint in Jay Circuit Court on May 5, 1991. Judge Tom D. Diller presided over the action.

During the course of litigation, Respondent failed to comply with certain discovery requests. Defendants filed a motion to compel discovery on September 29, 1991. Hearing on the motion was conducted on November 1, at the conclusion of which the court awarded defendant's counsel Peter Haviza $121.30 and codefendant's counsel Edward Liptak $361.48 for expenses incurred in compelling discovery, pursuant to Ind.Trial Rule 37(A)(4). The court that day also "cleared the date" of December 10, 1991 with Respondent and the defendants' attorneys as the time it would conduct an additional hearing to determine apportionment of responsibility between Respondent and Berry regarding the awarded expenses.[1] This act corresponded with Judge Diller's usual practice of ensuring hearing dates, before an order issued, by either speaking with the attorneys or having a member of his staff contact them directly. The court subsequently issued an order setting hearing for December 10, and that order is reflected in the chronological case summary.

Respondent failed to appear at the December 10 hearing, and failed to inform his client, Berry, of the hearing. As a result, Judge Diller ordered Respondent to pay all expenses associated with the motion to compel discovery. The court forwarded an order to that effect to Respondent and the defendants' attorneys.

After noticing no arrival of payment, attorney Liptak posted a letter addressed to Respondent on January 6, 1992, requesting prompt remittance of the ordered payment. Respondent never complied with that or any subsequent requests for payment by Liptak. Liptak eventually informed Respondent that he would initiate collection proceedings if Respondent did not forward payment by April 20, 1992. With still no payment forthcoming, client Berry gave Liptak a check, drawn in his personal account, for $361.48 on April 21, 1992. Respondent did finally reimburse Berry, and pay attorney Haviza his Trial Rule 37 expenses, on March 17, 1993, but only after the Commission had filed its verified complaint.

The facts recited here clearly and convincingly establish that Respondent violated Ind.Professional Conduct Rule 3.4(c) by failing to personally pay the discovery expenses the Jay Circuit Court ordered him to pay. His conduct was also prejudicial to the administration of justice, in violation of Prof. Cond.R. 8.4(d). We agree with the Hearing Officer's conclusion that Respondent did not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation, and therefore do not find a violation of Prof. Cond.R. 8.4(c), as charged in the verified complaint.

■ The record indicates a complete lack of mitigating factors. Although restitution is occasionally considered a mitigator, forced or compelled restitution, such as that occurring after disciplinary proceedings are initiated, does not qualify as such. *In re Hanley* (1994), Ind., 627 N.E.2d 800.

We believe Respondent should be sanctioned for not complying with Judge Diller's order to pay discovery expenses. We note with approval Judge Diller's decision to allocate all such expenses to Respondent after Respondent failed to appear at the expense-apportioning hearing. However, we also note that Respondent's failure to abide by the directives of the trial court appears to be an isolated incident. The record before us indicates no significant permanent harm done

---

1. Trial Rule 37(A)(4) provides that, where a court grants a motion to compel, it shall thereafter determine whether to require the party or deponent whose conduct necessitated the motion, or the party or attorney advising such conduct, or

both of them, to pay to the moving party the reasonable expenses incurred in obtaining the order, unless it appears that opposition to the motion was substantially justified, or other circumstances make an award of expenses unjust.

to client Berry as a result of Respondent's lapse. With these factors in mind, we are convinced that Respondent is not a continued threat to his clients, the legal system, or the profession, and therefore conclude that a public reprimand is a sufficient disciplinary measure.

It is, therefore, ordered that the Respondent, Thomas A. Brown, is hereby reprimanded and admonished for the misconduct set out above.

Costs are assessed against the Respondent.