**In the Matter of Robert K. HIGGINSON.**

No. 45S00–9307–DI–800.

Supreme Court of Indiana.

May 9, 1996.

Robert K. Higginson, Dyer, pro se.

R. Steven Ryan, Kentland, for respondent.

Donald R. Lundberg, Executive Secretary, Charles M. Kidd, Staff Attorney, Indianapolis, for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

### PER CURIAM.

The Disciplinary Commission charged the respondent with violating several provisions of the *Rules of Professional Conduct for Attorneys at Law* in a *Verified Complaint for Disciplinary Action* filed on May 12, 1994. The Commission and the respondent now

1. Those rules provide, in relevant part:
   Prof.Cond.R. 1.2(a): A lawyer shall abide by a client's decisions concerning the objectives of representation, subject to paragraphs (c), (d) and (e), and shall consult with the client as to the means by which they are to be pursued ...
   Prof.Cond.R. 1.3: A lawyer shall act with reasonable diligence and promptness in representing a client.
   Prof.Cond.R. 1.4(a): A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

submit a *Statement of Circumstances and Conditional Agreement for Discipline,* therein agreeing that the respondent should be suspended from the practice of law for a period of six months for misconduct occurring in this case. The parties further agree that, in order to become eligible for reinstatement, at the conclusion of the six-month period the respondent should be required to formally petition this Court for reinstatement to the bar. The agreement is now before us for approval.

As a preliminary matter, we find that the respondent was admitted to the bar of this state in 1981 and is therefore subject to our jurisdiction of attorney disciplinary matters. He is presently not in good standing, being subject to a suspension ordered by this Court in a prior, unrelated disciplinary case. *In re Higginson,* 622 N.E.2d 513 (Ind.1993). The Commission's current complaint is in two counts. Under Count I, the parties agree that in January 1992, an Illinois resident (the "client") paid the respondent $600 to assist her in enforcing a child support order that had been entered by an Illinois court against the client's former husband, an Indiana resident. After agreeing to represent the client and accepting the retainer, the respondent failed to pursue the action, failed to meet with the client or return her telephone calls, and erroneously informed her that a hearing date had been set when in fact no such hearing was even scheduled. Further, he failed to return to her file materials to which she was entitled despite her repeated requests for such materials.

The Commission has charged that the respondent violated Ind.Professional Conduct Rules 1.2(a), 1.3, 1.4(a), 1.5(a), 8.4(c), and 8.4(d) by his actions in Count I.[1]

   Prof.Cond.R. 1.5(a): A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:
   (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
   (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

■ We now find that by failing to take any action on the matter his client hired him to pursue, the respondent violated Prof. Cond.R. 1.3. His lack of action also represents a failure to abide by his client's objectives of representation, in violation of Prof. Cond.R. 1.2(a). By not responding to his client's telephone calls and refusing to meet with her, the respondent violated Prof. Cond.R. 1.4(a). He retained an unreasonable fee in violation of Prof.Cond.R. 1.5(a) by accepting $600 and thereafter taking no action on behalf of his client. By erroneously informing his client that a hearing had been set, he violated Prof.Cond.R. 8.4(c). In general, the respondent's inaction was prejudicial to the administration of justice and therefore violative of Prof.Cond.R. 8.4(d).

Pursuant to Count II, the respondent and the Commission agree that, in late 1991 or early 1992, the owner of a pharmacy (the "client") asked the respondent to pursue a collection action for an unpaid balance owed for medications the client had delivered to a certain individual. Since the person who had agreed to purchase the medications was by then deceased, the client requested that the respondent pursue collection from the deceased's son. On January 10, 1992, the client gave the respondent a check for $55 to cover the filing fee of a contemplated civil action. Although the respondent deposited the check into a non-trust account in his name, he failed to take any action on behalf of the client and failed to respond to his repeated requests for information. The client eventually retained another lawyer to pursue his claim.

■ The Commission charged that the respondent violated Prof.Cond.R. 1.2(a), 1.3, 1.4(a), 1.15(a), and 1.16(d) by his actions in Count II.[2] We now find that the respondent violated Prof.Cond.R. 1.2(a), 1.3 and 1.4(a). We find further that, by failing to place the $55 the client gave to him for payment of filing fees into a separate trust account, the respondent violated Prof.Cond.R. 1.15(a). He violated Prof.Cond.R. 1.16(d) by failing to return the advance filing fee to his client after failing to take any action on his behalf.

Having found that the agreed facts support findings of professional misconduct, we now examine the appropriateness of the agreed sanction. As noted above, the Commission and the respondent agree that a six-month suspension is appropriate. Relevant to the issue of appropriate sanction is the respondent's prior disciplinary history with this Court. In 1993, this Court suspended the respondent for a period of one year, without automatic reinstatement, beginning November 22, 1993, for three counts of neglect of clients' cases. This Court also found in that case that the respondent deceived a client as to the status of a matter. *In re Higginson*, 622 N.E.2d at 515.

(3) the fee customarily charged in the locality for similar legal services;
(4) the amount involved and the results obtained;
(5) the time limitations imposed by the client or by the circumstances;
(6) the nature and length of the professional relationship with the client;
(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
(8) whether the fee is fixed or contingent.
Prof.Cond.R. 8.4(c): It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation.
Prof.Cond.R. 8.4(d): It is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice.

2. Prof.Cond.R. 1.15(a) provides:
A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account maintained in the state where the lawyer's office is situated, or elsewhere with the consent of the client or third person. Other property shall be identified as such and appropriately safeguarded. Complete records of such account funds and other property shall be kept by the lawyer and shall be preserved for a period of five years after termination of the representation.
Prof.Cond.R. 1.16(d) provides:
Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

■ The respondent's current ethical transgressions are remarkably similar to those underlying his prior suspension. His neglect exposed his clients to unwarranted risks and threatened significant harm to their interests. We are thus persuaded that an additional period of suspension is warranted to protect the public from the respondent's actions, and therefore approve the agreed sanction.

It is, therefore, ordered that the respondent, Robert K. Higginson, be suspended from the practice of law for an additional period of not less than six months, beginning January 19, 1996, at the conclusion of which he will be eligible to petition this Court for reinstatement, provided he meets the requirements of Admis.Disc.R. 23(4).

Costs of this proceeding are assessed against the respondent.