**In the Matter of Stuart K. BAGGERLY, Respondent.**

No. 53S00–1106–DI–338.

Supreme Court of Indiana.

Sept. 30, 2011.

*PUBLISHED ORDER ACCEPTING CONSENT TO DISCIPLINE AND IMPOSING DISCIPLINE*

The Indiana Supreme Court Disciplinary Commission filed a "Verified Complaint for Disciplinary Action" against Respondent. Respondent has tendered to this Court an affidavit of consent to discipline, pursuant to Indiana Admission and Discipline Rule 23(17), acknowledging that the material facts alleged in the complaint are true and consenting to discipline to be determined by this Court. Having reviewed the complaint and the affidavit, the Court concludes that Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** In 1998, a father retained Respondent to represent him and his daughters in seeking damages for injuries they sustained in a car accident. After Respondent negotiated a settlement of the three claims, he lost or misplaced a $5,000 check he received in 2000 for one of the daughters. Over the next ten to eleven years, Respondent failed to respond to the clients' repeated requests for the funds.

The Commission filed its verified complaint on June 10, 2011, and reports that Respondent paid the clients $8,000 by a cashier's check dated July 20, 2011. Respondent tendered his affidavit of consent to discipline on July 26, 2011. Restitution made after a client has filed a grievance or after disciplinary proceedings are initiated does not qualify as a mitigating circumstance. *See Matter of Fairchild*, 777 N.E.2d 726, 732 (Ind.2002); *Matter of Brown*, 636 N.E.2d 1249, 1250 (Ind.1994); *Matter of Hanley*, 627 N.E.2d 800, 801–02 (Ind.1994). However, the Court would have considered it an aggravating circumstance if Respondent had failed to make even belated restitution.

**Violations:** Respondent admits to violation of these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.1: Failure to provide competent representation.

1.3: Failure to act with reasonable diligence and promptness.

1.4(a): Failure to keep a client reasonably informed about the status of a matter and respond promptly to reasonable requests for information.

1.15(a): Failure to hold property of clients properly in trust.

1.15(d): Failure to deliver promptly to a client funds the client is entitled to receive.

**Discipline:** For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 30 days, beginning November 11, 2011.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the period of suspension, provided there are no other suspensions then in effect, Respondent shall be automatically reinstated to the practice of law, subject to the conditions of Admission and Discipline Rule 23(4)(c).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.