**In the Matter of James A. EARHART, Respondent.**

**No. 98S00–1011–DI–629.**

Supreme Court of Indiana.

Nov. 22, 2011.

*PUBLISHED ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE*

Upon review of the report of the hearing officer, the Honorable Wayne S. Trockman, who was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," and the submissions of the parties, the Court finds that Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** In 2008, Respondent was retained and paid $10,000 to represent an Indiana client against whom criminal

charges were anticipated. Respondent sent a letter to the client confirming receipt of "the initial fee of $10,000," and stating that an additional fee of $10,000 would be charged to represent him through trial if criminal charges were filed. His letter referred to the initial fee as a "non-refundable retainer." A few days later, the client killed himself, and Respondent was promptly notified. Respondent had performed no more than five hours of work on the case. The client's widow requested a refund of the unearned portion of the $10,000. Respondent refused, asserting that he had earned the entire amount.

Neither party filed a petition for review of the hearing officer's report. When neither party challenges the findings of the hearing officer, "we accept and adopt those findings but reserve final judgment as to misconduct and sanction." *Matter of Levy*, 726 N.E.2d 1257, 1258 (Ind.2000).

Regardless of the label or actual nature of an attorney's fee, the attorney must refund any part of it that is unearned. *See Matter of O'Farrell*, 942 N.E.2d 799 (Ind. 2011); *Matter of Kendall*, 804 N.E.2d 1152 (Ind.2004). In the circumstances of this particular case, the client's death soon after retaining Respondent clearly rendered at least a portion of the client's $10,000 payment unearned.

In his response to the hearing officer's report, Respondent filed a response stating that he was wrong in not returning the fee to the client's widow under the circumstances, and he tendered the full fee by way of a cashier's check for $10,000, which is being held by the Clerk pending disposition of this case. Restitution only after a client has filed a grievance or after disciplinary proceedings are initiated does not qualify as a mitigating circumstance. *See Matter of Fairchild*, 777 N.E.2d 726, 732 (Ind.2002); *Matter of Brown*, 636 N.E.2d

1249, 1250 (Ind.1994); *Matter of Hanley*, 627 N.E.2d 800, 801–02 (Ind.1994). However, the Court would have considered it an aggravating circumstance if Respondent had failed to make even belated restitution. *See Matter of Baggerly*, 954 N.E.2d 447 (Ind.2011). A fact in mitigation is Respondent's lack of prior disciplinary history.

**Violations:** The Court finds that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.5(a): Charging an unreasonable fee.

1.16(d): Failing to refund an unearned fee upon termination of representation.

**Discipline:** For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 30 days, beginning December 29, 2011.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the period of suspension, provided there are no other suspensions then in effect, Respondent shall be automatically reinstated to the practice of law, subject to the conditions of Admission and Discipline Rule 23(4)(c).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of

this order in the bound volumes of this Court's decisions.

All Justices concur.