**KENTUCKY BAR ASSOCIATION,**
**Movant,**

v.

**James A. EARHART, Respondent.**

**No. 2011–SC–000743–KB.**

Supreme Court of Kentucky.

Feb. 23, 2012.

### OPINION AND ORDER

The Kentucky Bar Association petitions this Court for reciprocal discipline, pursuant to SCR 3.435, of a thirty-day suspension, consistent with the Indiana Supreme Court's disciplinary action.[1] Respondent objects to reciprocal discipline, contending that the conduct prohibited in Indiana is ethical in Kentucky. We conclude that the Respondent's conduct in Indiana would be unethical in Kentucky, and therefore warrants reciprocal discipline.

Respondent, James A. Earhart, was admitted to the practice of law in the Commonwealth of Kentucky on March 10, 1960. His bar roster address is 517 West Ormsby Avenue, Louisville, Kentucky 40203, and his Member Number is 81258. The facts relating to his alleged misconduct as found by the Indiana Supreme Court are:

In 2008, Respondent was retained and paid $10,000 to represent an Indiana client against whom criminal charges were anticipated. Respondent sent a letter to the client confirming receipt of "the initial fee of $10,000," and stating that an additional fee of $10,000 would be charged to represent him through trial if criminal charges were filed. His letter referred to the initial fee as a "non-refundable retainer." A few days later, the client killed himself, and Respondent was promptly notified. Respondent had performed no more than five hours of work on the case. The client's widow requested a refund of the unearned portion of the $10,000. Respondent refused, asserting that he had earned the entire amount.[2]

The Indiana Supreme Court concluded, "In the circumstances of this particular case, the client's death soon after retaining Respondent clearly rendered at least a portion of the client's $10,000 payment unearned."[3] In his response to the Indiana Supreme Court, Respondent admitted he was wrong in not returning the client's payment, and tendered the entire retainer fee to the Court Clerk.[4] The Court found that Respondent violated Indiana Professional Conduct Rules 1.5(a) (by charging an unreasonable fee) and 1.16(d) (by failing to refund an unearned fee upon termination of representation).[5] For Respondent's professional misconduct, the Court suspended Respondent from the practice of law in Indiana for a period of 30 days,

---

1. *In re Earhart*, 957 N.E.2d 611, No. 98S00–1011–DI–629 (Ind.2011).

2. *Id.* at 611.

3. *Id.*

4. The fee was tendered *after* the hearing officer made a finding that at least a portion of the fee was unearned. *Id.*

5. *Id.*

beginning December 29, 2011, and assessed costs.[6]

The KBA moves, pursuant to SCR 3.435(2), for an order directing the Respondent to show cause, if any, why he should not be subject to reciprocal discipline of a 30–day suspension in Kentucky. The Respondent has filed a response to the KBA's motion, which we will therefore treat as a response to the show cause order. The Indiana Supreme Court's findings establish Respondent's misconduct conclusively for purposes of disciplinary proceedings in Kentucky,[7] and this Court will impose identical discipline unless the Respondent proves by substantial evidence a lack of jurisdiction or fraud in the out-of-state proceeding[8] or "that misconduct established warrants substantially different discipline in this State."[9]

Respondent asserts that in Kentucky, the $10,000 fee was a classic retainer, which is earned upon receipt, citing KBA Ethics Opinion E–380,[10] and therefore, charging a non-refundable retainer fee was not unethical conduct in Kentucky. Respondent also asserts that his conduct was not unethical in Indiana until after the complaint was filed against him.[11]

The type of fee charged by Respondent in this case is sometimes referred to as a "true" or "classic" retainer, and it is paid "to secure the lawyer's or law firm's availability to handle the client's legal problems" during a specific period of time.[12] It is paid by the client with "no expectation that the fee already paid will cover specific items."[13] As such, a true retainer, when appropriate, is deemed earned at the time of the attorney's promise to be available for future work.

■ While true retainers are permissible in Indiana, the Indiana Supreme Court has defined limited circumstances in which they are appropriate. For such fee agreements to be proper in Indiana, there must be "evidence of . . . value received by the client or detriment incurred by the attorney in return for the nonrefundable provision, other than relatively routine legal services."[14] The Indiana Supreme Court has warned that "[w]here a [classic] retainer is thus justified, a lawyer would be well advised to explicitly include the basis for such non-refundability in the attorney-client agreement."[15] Relying on these cases, the Indiana Supreme Court concluded, with regard to Respondent's conduct, "Regardless of the label or actual nature of an attorney's fee, the attorney must refund any part of it that is unearned. . . . In the circumstances of this particular case, the client's death soon after retaining Respondent clearly rendered at least a portion of the client's $10,000 payment unearned."[16]

■ The Kentucky Rules of Professional Conduct in question are similar to

---

6. *Id.*

7. SCR 3.435(4)(c).

8. SCR 3.435(4)(a).

9. SCR 3.435(4)(b).

10. KENTUCKY BAR ASSOCIATION, ETHICS OPINION E–380 (1995), *available at* http://www.kybar.org/documents/ethics_opinions/kba_e-380.pdf.

11. Respondent contends the rule was based on *In re O'Farrell*, 942 N.E.2d 799 (Ind.2011).

12. ETHICS OPINION E–380, *supra* n. 10 (internal quotation marks and citations omitted).

13. *Id.*

14. *In re Thonert*, 682 N.E.2d 522, 524 (Ind. 1997). *See also O'Farrell*, 942 N.E.2d at 805; *In re Kendall*, 804 N.E.2d 1152, 1160 (Ind. 2004) (both quoting *Thonert* ).

15. *Kendall*, 804 N.E.2d at 1160.

16. *Earhart*, 957 N.E.2d at 611.

Indiana's. SCR 3.130–1.5(a) requires a lawyer's fee be reasonable, while SCR 3.130–1.16(d) requires an attorney refund any advanced fee that has not been earned. However, KBA Ethics Opinion E–380 adopted a general reasonableness standard for non-refundable retainers, pursuant to SCR 3.130–1.5(a). The Opinion also provides guidance on the requirements for a non-refundable fee retainer to be valid, including a requirement that "[t]he total fee charged must be 'reasonable.' " [17] The Opinion explains:

> Rule 1.5(a) requires that lawyers' fees be "reasonable" and an examination of what is "reasonable" is not insulated from review simply because it has been labeled "non-refundable" in the written fee agreement. Wolfram, in his text, *Modern Legal Ethics*, gives the following example: "A client who has just paid a lawyer $50,000 to perform all occupational health and safety work for a factory that burns down the next day, obviating the need for any legal work, can probably recover the retainer even if it was solemnly called [']non-refundable['] in the agreement."
>
> In determining the "reasonableness" of a lawyer's fee, the factors mentioned in Rule 1.5(a) apply, and the lawyer has the responsibility to prove the "reasonableness" of the fee applying principles of equity and fairness. Although "reasonableness" at the time of contracting is relevant, consideration is also to be given to whether events occurred after the fee agreement was made which rendered the fee agreement fair at the time

it was entered into, but unfair at the time of enforcement. *See McKenzie Const., Inc. v. Maynard,* 758 F.2d 97 (3rd Cir.1985). Hence, the client may be entitled to a return of some portion of the "non-refundable" fee retainer upon the termination of the representation, depending upon all the circumstances; that is, the "reasonableness" of the fee.[18]

While Kentucky is generally more tolerant of non-refundable retainers than Indiana, we conclude that, under the facts of this case as established by the Indiana Supreme Court, the Respondent's fee could not be considered reasonable. Even if reasonable at the time of the agreement, the client's death a short time later rendered the fee clearly unreasonable. We agree that, at the time of Respondent's misconduct, KBA Ethics Opinion E–380 established the standard for a reasonable non-refundable retainer in Kentucky.[19] Under the circumstances of this case, Respondent's conduct would amount to violations of SCR 3.130–1.5 and SCR 3.130–1.16(d). Therefore, reciprocal discipline is warranted.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. Respondent, James A. Earhart, is subject to reciprocal discipline in Kentucky for the unprofessional conduct he committed in Indiana;

2. Respondent is hereby suspended from the practice of law in the Commonwealth for a period of 30 days, effective upon entry of this Opinion and Order; and

---

**17.** ETHICS OPINION E–380, *supra* n. 10.

**18.** *Id.*

**19.** SCR 3.130–1.5(f), effective July 15, 2009, specifically permits non-refundable retainers so long as the fee agreement is "in a writing signed by the client evidencing the client's informed consent, and [stating] the dollar

amount of the retainer, its application to the scope of the representation and the time frame in which the agreement will exist." Comment 11 provides that "[t]he amount of a non-refundable retainer fee must be reasonable in amount and comply with Rule [3.130–]1.5."

 

3. Respondent shall pay the costs of these proceedings, for which execution may issue from this Court upon certification of costs by the Disciplinary Clerk of the KBA.

All sitting. All concur.

ENTERED: February 23, 2012.

/s/ John D. Minton, Jr.
    Chief Justice