RESPONDENT PRO SE

ATTORNEYS FOR THE INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
G. Michael Witte, Executive Secretary
John P. Higgins, Staff Attorney
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No. 49S00-1306-DI-435

IN THE MATTER OF:

TREZANAY M. ATKINS,

*Respondent.*



Attorney Discipline Action
Hearing Officer Helen W. Marchal

**September 22, 2014**

**Per Curiam.**

We find that Respondent, Trezanay M. Atkins, engaged in attorney misconduct by committing criminal conversion while acting in a fiduciary capacity and by engaging in conduct involving dishonesty. For this misconduct, we conclude that Respondent should be suspended from the practice of law in this state for at least two years without automatic reinstatement.

This matter is before the Court on the report of the hearing officer appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," and on the post-hearing briefing by the parties. Respondent's 2009 admission to this state's bar subjects her to this Court's disciplinary jurisdiction. *See* IND. CONST. art. 7, § 4.

## Procedural Background and Facts

The Commission filed a "Verified Complaint for Disciplinary Action" against Respondent on June 19, 2013. The hearing officer filed her report on May 12, 2014. By filing no petition for review, Respondent has foregone the chance to challenge the hearing officer's findings of fact. See Admis. Disc. R. 23(15)(b).

The Marion County Bar Association (the "MCBA") is a local bar association that exists in large part to assist in the professional development of African American attorneys practicing in the Indianapolis area. The MCBA elects and/or appoints officers, including the treasurer, who serves a one-year term. The treasurer of the MCBA serves in a fiduciary capacity.

In 2011, Respondent submitted an application to join the organization and applied for the position of treasurer. Respondent served as treasurer from June 2011 until December 2012. As treasurer, Respondent had signatory authority on the MCBA's checking account at Regions Bank.

Respondent admitted that during her term as treasurer of the MCBA, she misappropriated funds that belonged to the MCBA. She admitted that she converted the proceeds of 30 checks drawn on MCBA's checking account. The memo lines of the unauthorized checks often contained false statements in order to make it appear that the checks were used for legitimate MCBA expenses. Respondent also admitted she converted the proceeds of one debit and the proceeds of 21 counter checks drawn on the MCBA's checking account. The sum of all funds that Respondent admitted she converted was over $9,100.

During her tenure as treasurer of the MCBA, the Respondent was also responsible for preparing monthly financial reports. These reports were distributed to all officers and board members of the MCBA. Respondent falsified the financial reports to conceal her thefts from the MCBA.

Respondent resigned from her position as MCBA treasurer at the end of 2012. In an attempt to make a partial payment on the amounts she had taken from the MCBA account, Respondent made a deposit on February 5, 2013, of $2,651.52, creating a balance discrepancy that the incoming treasurer noticed. On March 15, 2013, Respondent contacted the MCBA's president and disclosed that she had taken approximately $10,000 from the MCBA.

Respondent testified that one particular transaction was the impetus for her disclosure of the unauthorized transactions. Respondent had misrepresented to the MCBA that a scholarship donation had been made to the Indiana University-Indianapolis law school when in fact she had taken those funds for her own use. If she paid the school the scholarship donation out of her personal account, the MCBA would not be able to list it as a tax deduction. Thus, she could not correct this misappropriation without disclosing to the MCBA what had happened. She denied that she disclosed her misappropriations only when their discovery was imminent.

When Respondent disclosed the unauthorized transactions to the MCBA, however, Respondent was aware that the MCBA was considering applying for 501(c)(6) tax exempt status with the Internal Revenue Service, which would have required a comprehensive audit, and that there had been discussions among MCBA officers about hiring an accountant to review the books. The Hearing Officer therefore found that Respondent confessed because her misappropriations were on the verge of being discovered.

### Discussion and Discipline

Our analysis of appropriate discipline entails consideration of the nature of the misconduct, the duties violated by the respondent, any resulting or potential harm, the respondent's state of mind, our duty to preserve the integrity of the profession, the risk to the public should we allow the respondent to continue in practice, and matters in mitigation and aggravation. *See* Matter of Newman, 958 N.E.2d 792, 800 (Ind. 2011).

The Court finds that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

8.4(b): Committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer.

8.4(c): Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.

The following are facts in aggravation: (1) Respondent converted the MCBA funds while serving in the fiduciary position of treasurer; and (2) she committed multiple offenses and engaged in a pattern of misconduct. The following are facts in mitigation: (1) Respondent has no disciplinary history; (2) Respondent was cooperative with the Commission; and (3) Respondent is remorseful.

We note that Respondent made full restitution to the MCBA. Restitution made only after a client has filed a grievance or after disciplinary proceedings are initiated does not qualify as a mitigating circumstance. *See* Matter of Fairchild, 777 N.E.2d 726, 732 (Ind. 2002); Matter of Brown, 636 N.E.2d 1249, 1250 (Ind. 1994); Matter of Hanley, 627 N.E.2d 800, 801-02 (Ind. 1994). The same is true when restitution is prompted by a desire to avoid or reduce criminal punishment. However, it would have been considered an aggravating circumstance if Respondent had failed to make restitution. *See* Matter of Baggerly, 954 N.E.2d 447 (Ind. 2011).

Respondent's deliberate theft from an association she served as treasurer in violation of her fiduciary duty is among the most serious types of misconduct. The Court concludes that Respondent should be suspended from the practice of law in this state for a period of not less than two years, without automatic reinstatement.

## Conclusion

The Court concludes that Respondent violated the Indiana Rules of Professional Conduct by committing a criminal act that reflects adversely on her honesty, trustworthiness, and fitness as a lawyer and by engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.

For Respondent's professional misconduct, the Court suspends Respondent from the practice of law in this state for a period of not less than two years, without automatic reinstatement, beginning November 3, 2014. Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4) and (18). Reinstatement is discretionary and requires clear and convincing evidence of the attorney's remorse, rehabilitation, and fitness to practice law. See Admis. Disc. R. 23(4)(b).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

The Clerk of this Court is directed to give notice of this opinion to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). Thomson Reuters is directed to publish a copy of this opinion in the bound volumes of this Court's decisions.

All Justices concur.